

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

August 4, 2025

**Via ECF**
Hon. Jennifer L. Rochon
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

      Re:    *Ameriprise Captive Ins. Co. v. Audatex N. Am., Inc.*, No. 1:22-CV-05964

Dear Judge Rochon:

      We represent non-party subpoena recipient American Family Mutual Holding Company ("AFMHC") and American Family Connect Insurance Company ("Connect", and together with AFMHC "American Family") in connection with their joint responses to the third-party subpoenas served in this litigation.

      On July 24, 2025, American Family presented a 30(b)(6) witness for deposition in this litigation. At the conclusion of that deposition, American Family designated portions of that testimony as confidential. Prior to submitting its letter brief (Dkt. 92), Audatex contacted American Family to meet and confer regarding several pages of deposition testimony that it intended to submit under seal. As part of those meet and confers, American Family agreed to narrow its confidentiality designation to just four transcript lines, which reflect one deposition question and American Family's answer thereto. Pursuant to the Court's Individual Rule of Practice 4.B.ii-iii, American Family now submits this letter in support of the sealing of those four lines of testimony.

      To determine whether the information should be filed under seal, courts consider (1) whether the information is in a judicial document; (2) the weight of the presumption of public access; and (3) if there are competing considerations that would shift the balance of a presumption of public access to warrant sealing. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *2–7 (S.D.N.Y. Jan. 17, 2023). Here, American Family's interest in sealing the document outweighs any presumption of public access for several reasons.

      ***First,*** the information American Family seeks to seal consists exclusively of information regarding third parties (i.e. American Family). As courts have previously explained, the "interests of innocent third parties should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019)

i

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

(cleaned up); *see also AETN TV Networks, LLC v. Big Fish Entm't, LLC*, 2024 U.S. Dist. LEXIS 191370, at *7 (S.D.N.Y. Oct. 17, 2024).  As the court in *AETN TV* explained, "[w]here third-party confidential information is at issue, courts hold that 'the interests of . . . the non-party in maintaining the confidentiality of the information appear to outweigh the public interest in access to the judicial documents.'"  *AETN TV Networks, LLC*, 2024 U.S. Dist. LEXIS 191370, at *7, quoting *Refco Grp. Ltd. v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015).

**Second,** American Family's interest in keeping the sealed information confidential is very high.  The sealed information relates to American Family's initial (not final) assessment of the risk posed by litigation.  The statute of limitations on those claims has not run, and the release in that case does not extend to other American Family affiliates.  Thus, American Family affiliates face a continued risk of litigation – including on the same claim in the same venue – that this information addresses.  Making this information publicly available would prejudice American Family in any future litigation.

**Third,** the information is of little value or use in this litigation.  The disclosed information is American Family's testimony about how it viewed its likelihood of success when that litigation was initially filed.  This information appears to be purely historical in nature.  Thus, the public interest in this historical information, as well as its importance in this litigation, is extremely limited.

Sincerely,

/s/ Wendy M. Zheng

Wendy M. Zheng

*Counsel for Non-Party Subpoena Recipients American Family Mutual Holding Company and American Family Connect Insurance Company*

cc: All counsel of record (via ECF)
    Christopher M. Assise

The common law right of public access to judicial documents is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (quotation marks and citations omitted).  The presumption of access may be overcome, for instance, by the "interests of 'innocent third parties.'" *In re SunEdison, Inc. Sec. Litig.*, No. 16-cv-07917 (PKC), 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (citation omitted).  The Court shall therefore maintain under seal the portion of Audatex's pre-motion letter that references third-party American Family's early appraisal of the litigation.  Audatex shall refile its pre-motion letter, Dkt. 93, with appropriate redactions.  The clerk is requested to terminate the motions at Dkts. 92, 98.

Dated:  September 2, 2025
        New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

ii

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.